UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUENTIN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 24-847 |
| SHERIFF CRAIG WEBRE, ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 19)** filed by Defendants, Juluette Henry (incorrectly identified as Julliette Henry), Ashley Williams (incorrectly identified as Ashly Williams), Nicole Celestine, Nikola LaCroix (incorrectly identified as Nikki Lacroix), and CorrectHealth Lafourche, LLC (hereinafter collectively "CorrectHealth Defendants"). Plaintiff Quentin Williams filed a response (Rec. Doc. 33), and Movants filed a reply (Rec. Doc. 34). Having considered the motions and memoranda, the record, and the applicable law, the Court finds the motion to dismiss should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

The instant case arises from the medical treatment Lafourche Parish Jail and 17th Judicial District Court for the Parish of Lafourche employees and doctors provided to Plaintiff Quentin Williams between January 1, 2022 and February 22, 2023. (Rec. Doc. 1-1). Defendant CorrectHealth, Lafourche, LLC employed the other CorrectHealth Defendants, who are nurses and nursing supervisors for the Lafourche Parish Jail medical department. *Id.* Williams states that he was booked into the Lafourche Jail with a pre-existing dental problem that went untreated. *Id.* at 1.

1

Williams alleges that Defendants denied him adequate medical treatment and access to medical facilities, demonstrating deliberate indifference below the standard of care for correctional medicine. *Id.* at 9. Specifically, Williams claims that, in January 2022, someone (unnamed) at CorrectHealth noted dental pain and referred him to a physician, Dr. Gore, who provided penicillin. *Id.* at 3. By July 2022, the pain spread to his ear, and he was prescribed another antibiotic. *Id.* In August 2022, the tooth was cracked and throbbing, and he was again given penicillin. *Id.* In October and November, Williams complained of a headache, toothache, and infection, and he was treated with clindamycin and ibuprofen. *Id.* at 3-4.

After being transferred to East Baton Rouge Prison for four days in November 2022, Williams claims that he was prescribed amoxicillin and other medications, but he continued to complain of the tooth infection, and later recurrent dental pain and sinus congestion. *Id.* at 4. He does not specify who prescribed the medicine or to whom he complained. By December 2022, he had a pronounced abscess and was starting to experience effects from the abscess: his throat was closing, he had a lump on his jaw, he could not speak, and he was in severe pain. (Rec. Doc. 1-1, at 4) He informed the CorrectHealth Defendants about the abscess. *Id.* A dentist, Dr. Crowley, then prescribed him penicillin, even though Williams alleges that he told the dentist that he was allergic to penicillin and thought he was having an allergic reaction. *Id.* at 5. Williams alleges that he was never allowed to see a doctor for several months, and his infection worsened. *Id.* at 4-6. Eventually he began having difficulty swallowing and breathing, and an un-specified "on call provider" ordered prednisone and Tylenol

2

for him. *Id.* at 8.

On February 21, 2023, Williams fell asleep and found out he was rushed to the emergency room when he woke up on February 22, 2023. *Id.* at 7. Later that day at Thibodeaux Regional Health System Hospital, doctors found an extensive infection with multiloculated abscesses and severe airway effacement. *Id.* Williams was placed in a medically induced coma for 14 days, and then experienced double pneumonia as a complication from the allergic reaction. *Id.* at 9. A few weeks after he was discharged from the hospital, he returned with a pulmonary embolism, and he claims he must now take blood thinners for the rest of his life. *Id.* Williams seeks damages for the medical staff's negligence over the course of this treatment and under the theory of *respondeat superior*. *Id.* at 13-14.

Movants Henry, LaCroix, Celestine, and Ashley Williams are each employees of CorrectHealth Lafourche and work at the LaFourche Parish Jail medical department. *Id.* at 2. Plaintiff Williams alleges that they, along with CorrectHealth, acted with deliberate indifference while providing medical care for him in the jail and by refusing him medical care. *Id.* at 3. Specifically, he asserts a § 1983 claim against the CorrectHealth Defendants in their individual capacities as well as a negligence claim under state law. *Id.* at 9-14.

In the instant motion, the CorrectHealth Defendants contend that the claims against them should be dismissed (1) because Plaintiff has not pled a valid individual capacity claim against them because he failed to plead specific facts as to each individual defendant; (2) because Plaintiff failed to submit evidence that he was

ignored, intentionally treated incorrectly, or refused treatment; and (3) because Plaintiff's state law claim is premature. (Rec. Doc. 19-1, at 3).

In opposition, Plaintiff contends that the Court should not consider the medical records attached to the motion because the records were not cited it nor attached to his complaint. (Rec. Doc. 33, at 2-3). Additionally, Plaintiff argues that movants' summary of the allegations in the petition minimized the long delay and denial of medical care that took place for two years, allowing his condition to deteriorate until the brink of death. *Id.* at 3-4. Plaintiff also asserts that he did not improperly lump in all of the CorrectHealth Defendants in his allegations against them, but that he could amend the complaint with more detail as to each individual defendant. *Id.* at 6. Next, Plaintiff argues that he can amend the complaint to add specific facts as to each individual defendant, but that the complaint avers he was not consistently seen and the CorrectHealth took little to no action, supporting his deliberate indifference claim. *Id.* at 6-9. As to prior similar incidents, Plaintiff states that "it is no secret that on January 25, 2024, Robert Barlow died of sepsis at Thibodeaux Regional after being ignored at Lafourche Parish Jail, and likely by the same CorrectHealth employees." *Id.* at 10.

In reply, the CorrectHealth Defendants argue that Plaintiff's medical records are correctly considered as part of the pleadings on a motion to dismiss because they are central to Plaintiff's claim and referred to in his complaint. (Rec. Doc. 34, at 3-4). However, even without the medical records, movants claim that the complaint alone establishes that Plaintiff's issue is the type or treatment provided, which is not a

4

basis for a § 1983 violation of a constitutional right. *Id.* at 4.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

### I.   § 1983 Claim: Deliberate Indifference

In his § 1983 claim, Williams contends that Defendants "exceeded constitutional limitations" by failing to provide adequate medical treatment. (Rec. Doc. 1-1, at 9). Movants argue that Williams's § 1983 claim against them should be dismissed because (1) the allegations in the complaint establish that the

5

CorrectHealth Defendants were consistently attentive to his medical needs, (2) his medical records rebut his claims, (3) the treatment and his disagreement with the treatment do not rise to the level of a constitutional violation, and (4) Williams did not adequately plead similar prior incidents. (Rec. Doc. 19-1, at 6-7).

"Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983." *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–07 (1976)). Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal citation and quotation marks omitted). The "official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Id.* Additionally, an incorrect diagnosis by medical personnel or the "failure to alleviate a significant risk that [the official] should have perceived, but did not" are both insufficient to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

"[A]n inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs." *Mickens v. Stalder*, 2008 WL 544240, at *2 (W.D. La. 2008) (citing *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997)). Instead, a plaintiff alleging a denial or delay of medical care

must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson*, 759 F.2d at 1238). Moreover, "medical records of sick calls, examinations, diagnosis, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Courts must examine each Defendant's actions individually. *Baughman v. Hickman*, 935 F.3d 302, 309 (5th Cir. 2019).

Plaintiff's complaint fails to specify conduct by each of the CorrectHealth Defendants and simply establishes that he disagrees with the treatment that was provided—disagreement that does not amount to a § 1983 deliberate indifference claim. The complaint states that movants Henry, LaCroix, Celestine, and Williams "were each involved in the medical care and were each told over and over there was an abscess that his throat. . . was closing and he could not speak, had a lump on his jaw and was in severe pain. . ." (Rec. Doc. 1-1, at 4). The complaint states several times that some number of unnamed CorrectHealth providers routinely evaluated Plaintiff several times throughout the time period in question; provided him Penicillin, Clindamycin, Ibuprofen, Amoxicillin, Tylenol, and Prednisone for the dental issue; ordered a dental evaluation from a dentist; rushed Plaintiff to the emergency room. Plaintiff's own accounting of his treatment does not rise to refusing to treat him, ignoring his complaints, intentionally treating him incorrectly, or

engaging in similar conduct evincing a wanton disregard to his serious medical needs, as required to state a claim for deliberate indifference.

Additionally, Juluette Henry, Nicole Celestine, Nicola LaCroix are not named in any factual allegation in the complaint. Thus, Plaintiff fails to allege any specific conduct by Henry, Celestine, and LaCroix that could give rise to a constitutional violation. Further, Plaintiff fails to allege sufficient facts to support a claim of deliberate indifference against Ashley Williams. Plaintiff contends that Defendant Williams advised him to finish his prescription for Penicillin because he had not had problems before when taking the same drug. (Rec. Doc. 1-1, at 5). Plaintiff later informed her that he was allergic to penicillin, but she recommended he finish the prescription. *Id.* at 6-7. This instance demonstrates that Defendant Williams observed and monitored Plaintiff's condition, ordered medications, and neither ignored nor refused to treat him. At best, Plaintiff alleges that the medical care Defendant Williams provided may have been negligent or that he disagreed with the providers' choices, but these factual allegations against Defendant Williams do not rise to the level of deliberate indifference. Accordingly, Plaintiff's § 1983 claims against the Defendants Henry, Celestine, LaCroix, and Williams must be dismissed.

And finally, the § 1983 claim against CorrectHealth Lafourche, LLC must also be dismissed. "The standards applicable to determining liability under § 1983 against a municipal corporation are applicable to determining the liability of a private corporation performing a government function." *Olivias v. Corr. Corp. of Am.*, 408 F. Supp. 2d 251, 254-55 (N.D. Tex. 2006) (applying *Monell v. New York City Department*

*of Social Services* to a private prison), *aff'd*, 215 F. App'x 332 (5th Cir. 2007). As a private LLC acting under color of state law contracting with the municipality to provide medical services to prisoners, CorrectHealth Lafourche, LLC is treated as a municipality for the purpose of § 1983 claims. *Mixon v. Pohlmann*, No. CV 20-1216, 2021 WL 6072501, at *14 (E.D. La. Dec. 23, 2021) (Morgan, J.). To establish municipal liability here, Plaintiff must show "(1) that [the governmental body] violated [Plaintiff's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Id.* at *16 (citing *Cadena v. El Paso Cnty.*, 946 F.3d 717, 728 (5th Cir. 2020)) (internal quotation marks omitted).

For the same reasons that Plaintiff failed to state a claim against the nurses named above employed by CorrectHealth, Plaintiff has also failed to establish that CorrectHealth Lafourche, LLC violated his constitutional rights with deliberate indifference in its provision of medical care to him. Further, Plaintiff's complaint does not allege that CorrectHealth, LLC had a policy or custom adopted or maintained with deliberate indifference. Accordingly, Plaintiff's § 1983 claim against CorrectHealth, LLC for municipal liability must be dismissed.

## II. Individual Capacity Claims

Plaintiff also asserts claims against the CorrectHealth Defendants in their individual capacities. However, Plaintiff's conclusory allegations incorrectly lump each of the CorrectHealth defendants together, making his claims insufficient to

9

survive the instant motion to dismiss.

Plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to the alleged constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). And plaintiffs must state separate factual allegations specific to each Defendant, because "referring to the Defendants collectively prevents the Court from drawing the inference that [one individual Defendant] personally (or any other individual Defendant) acted with subjective deliberate indifference." *Zavala v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 17-656 , 2018 WL 4517461, at *15 (M.D. La. Sept. 20, 2018) (citing *Sanchez v. Young Cnty.*, 866 F.3d 274, 281 (5th Cir. 2017); *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (Jones, J., dissenting)); *see also Phoenix ex rel. S.W. v. Lafourche Par. Gov't*, No. 19-13004, 2020 WL 3269114, at *11 (E.D. La. June 17, 2020) ("Most of the plaintiff's allegations improperly lump the defendants together and fail to allege which defendants knew of the substantial risk to the plaintiff and which defendants failed to take reasonable measures to respond to the substantial risk of suicide."). Here, as the Court detailed above, Plaintiff has failed to specify factual allegations specific to each of the CorrectHealth Defendants, and therefore the Court cannot draw an inference that Henry, Williams, Celestine, LaCroix, or CorrectHealth Lafourche, LLC acted with deliberate indifference in their provision of medical care to Plaintiff.

### III. State Law Claims

The CorrectHealth Defendants argue that Plaintiff's state law claims against

them for medical malpractice should be dismissed as premature pursuant to Louisiana Revised Statute 40:1231.8. (Rec. Doc. 19-1, at 17). R.S. 40:1231.8. provides that a medical malpractice claim against a private qualified health care provider is subject to dismissal on an exception of prematurity if such claim has not first been presented to a medical review panel. *Blevins v. Hamilton Med. Ctr., Inc.*, 959 So. 2d 440, 444 (La. 2007).

The parties agree that Plaintiff currently has a claim pending before a medical review panel. (Rec. Doc. 19-1, at 17-8; Rec. Doc. 33, at 10). Accordingly, Plaintiff's state law claims against the CorrectHealth Defendants are premature, because Plaintiff must present them to a medical review panel prior to filing suit.

## IV. Request to Cure the Complaint's Defects

In his opposition memorandum, Plaintiff requests leave to amend with the goal of curing the defects in his complaint. (Rec. Doc. 33, at 13). Federal Rule of Civil Procedure 15(a) provides the Court should grant leave to amend freely when justice so requires. Leave to amend is not automatic, but a district court must possess a "substantial reason" to deny a request for leave to amend. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). To determine whether to grant leave to amend, a court "may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Here, amendment of the federal claims in the complaint would be futile. As the Court explained above, the facts underlying Plaintiff's allegations indicate that the medical care Plaintiff received was not the result of deliberate indifference. In the event that Plaintiff seeks leave to amend his state law claims, the Court would decline to exercise supplemental jurisdiction over those claims in light of the dismissal of the federal claims. Accordingly, Plaintiff's request for leave to amend the complaint is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Dismiss* **(Rec. Doc. 19)** filed by Defendants, Juluette Henry (incorrectly identified as Julliette Henry), Ashley Williams (incorrectly identified as Ashly Williams), Nicole Celestine, Nikola LaCroix (incorrectly identified as Nikki Lacroix), and CorrectHealth Lafourche, LLC ("the CorrectHealth Defendants) is **GRANTED**. Plaintiff's § 1983 claims against the CorrectHealth Defendants are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against the CorrectHealth Defendants are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 1st day of August, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE