UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUENTIN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 24-847 |
| SHERIFF CRAIG WEBRE, ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 28)** filed by Defendant, Dr. Stan Cowley and a response (Rec. Doc. 35) filed by Plaintiff Quentin Williams. Having considered the motions and memoranda, the record, and the applicable law, the Court finds the motion to dismiss should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

The Court recently detailed the factual background underlying this case; (Rec. Doc. 36); but provides the following allegations relating specifically to movant, Dr. Cowley. This case arises from the medical treatment Lafourche Parish Jail and 17th Judicial District Court for the Parish of Lafourche employees and doctors provided to Plaintiff Quentin Williams between January 1, 2022 and February 22, 2023. (Rec. Doc. 1-1). Williams claims that, on February 14, 2023, after several interactions with healthcare providers at the jail, the dentist, Dr. Cowley did not extract his tooth and failed to follow up and prescribe additional medication. *Id.* at 5. Williams claims that he presented to Dr. Cowley with fever, chills, and a swollen, red, throat. *Id.* The complaint also states that Dr. Cowley told Williams that Williams would need a surgery, but that it could not be covered while incarcerated. *Id.* After more treatment

1

by providers at the jail, Williams fell asleep and had to be rushed to the hospital and subsequently placed in an induced coma. *Id.* at 8-9.

Williams currently has a pending claim against Dr. Cowley before a Louisiana state medical review panel. (Rec. Doc. 28-1, at 2). Thus, in the instant motion, Dr. Cowley argues that Plaintiff's medical negligence and *respondeat superior* claims against him should be dismissed as premature pursuant to the Louisiana Medical Malpractice Act ("LMMA"). *Id.* at 2-3.

In his opposition, Williams argues that he also stated a § 1983 claim against Dr. Cowley, which does not fall under the LMMA. (Rec. Doc. 35, at 1-3). Williams also contends that Dr. Cowley failed to show that he falls under the LMMA. *Id.* at 3-8.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232

2

(5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

### I.  Whether Williams alleged a § 1983 Claim

Even if Williams claims that he alleged a § 1983 claim against Dr. Cowley, that claim would not survive the motion to dismiss. In his § 1983 claim, Williams contends that unspecified Defendants "exceeded constitutional limitations" by failing to provide adequate medical treatment. (Rec. Doc. 1-1, at 9). On a previous motion to dismiss filed by other Defendant healthcare providers, the Court found that the medical care that Williams received over at issue in this case did not amount to deliberate indifference necessary for a § 1983 claim. (Rec. Doc. 36). Similarly here, a § 1983 claim against Dr. Cowley should be dismissed because his treatment of Williams and Williams's disagreement with the treatment do not rise to the level of a constitutional violation.

"Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983." *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–07 (1976)). Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal citation and quotation marks omitted). The "official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th

Cir. 2017). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Id.* Additionally, an incorrect diagnosis by medical personnel or the "failure to alleviate a significant risk that [the official] should have perceived, but did not" are both insufficient to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

"[A]n inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs." *Mickens v. Stalder*, 2008 WL 544240, at *2 (W.D. La. 2008) (citing *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997)). Instead, a plaintiff alleging a denial or delay of medical care must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson*, 759 F.2d at 1238).

Williams's complaint simply establishes that he disagrees with the treatment that Dr. Cowley provided—disagreement that does not amount to a § 1983 deliberate indifference claim. The complaint states that Dr. Cowley saw Williams on February 14, 2023 and informed Williams that he was not able to pull his tooth. (Rec. Doc. 101, at 5). Dr. Cowley stated that Williams would need a surgery, but that the surgery could not be covered while incarcerated, and Dr. Cowley ordered no follow up and

4

prescribed no medication. *Id.* At the time, Williams alleges, his tooth was broken and very tender, with decay below the gum line, his throat was swollen and red, and he was experiencing fever and chills. *Id.* These claims demonstrate that Dr. Cowley evaluated Williams because Williams reported his tooth infection and informed him that he would need surgery in the future. Although Williams may have desired different treatment than the treatment that he received from Dr. Cowley, Williams's own accounting of this treatment does not rise to the level of deliberate indifference because he does not allege that Dr. Cowley refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct evincing a wanton disregard to his serious medical needs. Accordingly, Williams failed to establish that Dr. Cowley violated his constitutional rights with deliberate indifference in his provision of medical care to Williams. Thus, Williams's § 1983 claim against the Dr. Cowley must be dismissed.

## II. State Law Claims

Dr. Cowley argues that Williams's state law claims against him for medical negligence should be dismissed as premature pursuant to Louisiana Revised Statute 40:1231.8. (Rec. Doc. 28-1, at 5-6). R.S. 40:1231.8. provides that a medical malpractice claim against a private qualified health care provider is subject to dismissal on an exception of prematurity if such claim has not first been presented to a medical review panel. *Blevins v. Hamilton Med. Ctr., Inc.*, 959 So. 2d 440, 444 (La. 2007).

The parties agree that Williams currently has a claim pending before a medical review panel. (Rec. Doc. 28-1, at 5; Rec. Doc. 35, at 5). Accordingly, Williams's state

5

law claims against Dr. Cowley are premature because Williams must present these claims to a medical review panel prior to filing suit.

Though the briefing is unclear, Williams seems to argue that Dr. Cowley does not meet the statutory requirements to fall under the LMMA, because Dr. Cowley did not offer proof that his malpractice insurance policy applied at the time of the incident. (Rec. Doc. 35, at 7). However, Dr. Cowley attached to his motion a certificate of enrollment in the Patient's Compensation Fund indicating insurance coverage for the periods May 19, 2021 to May 19, 2022 and May 19, 2022 to May 19, 2023. (Rec. Doc. 28-2). Thus, Dr. Cowley's insurance policy applied at the time he treated Williams, on February 14, 2023. Mr. Williams's other arguments as to Dr. Cowley's coverage under the LMMA may be evaluated by the medical review panel.

### III. Request to Cure the Complaint's Defects

In his opposition memorandum, Williams also requests leave to amend with the goal of curing the defects in his complaint. (Rec. Doc. 35, at 9). Federal Rule of Civil Procedure 15(a) provides the Court should grant leave to amend freely when justice so requires. Leave to amend is not automatic, but a district court must possess a "substantial reason" to deny a request for leave to amend. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). To determine whether to grant leave to amend, a court "may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility

of the amendment." *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir. 2005).

Here, amendment of the federal claims in the complaint would be futile. As the Court explained above, the facts underlying Williams's allegations indicate that the medical care Williams received from Dr. Cowley was not the result of deliberate indifference. In the event that Williams seeks leave to amend his state law claims, the Court would decline to exercise supplemental jurisdiction over those claims in light of the dismissal of the federal claims. Accordingly, Williams's request for leave to amend his complaint is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Dismiss* **(Rec. Doc. 28)** filed by Defendant, Dr. Stan Cowley is **GRANTED**. Williams's § 1983 claim against the Dr. Cowley are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Williams's state law claims against Dr. Cowley are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 9th day of August, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE