UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUENTIN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 24-847 |
| SHERIFF CRAIG WEBRE ET AL. | SECTION: "J"(5) |

## ORDER

Before the Court is a *Joint Motion to Dismiss or, in the Alternative, Motion to Strike* **(Rec. Doc. 49)** filed by defendants Dr. Stan Cowley, Juluette Henry, Nikola LaCroix, Nicole Celestine, Ashley Williams, and CorrectHealth Lafourche, LLC (herein after collectively referred as "Defendants"). Plaintiff, Quentin Williams, filed his response. (Rec. Doc. 53). A reply was filed therein. (Rec. Doc. 54). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED IN PART** and **GRANTED IN PART.**

Previously, the Court granted a motion to dismiss filed by defendants, Juluette Henry, Nikola LaCroix, Nicole Celestine, Ashley Williams, and CorrectHealth Lafourche, LLC ("CorrectHealth Defendants"). (Rec. Doc. 36). The Court found that the Plaintiff failed to state a claim for deliberate indifference against the CorrectHealth Defendants. *Id*. As a result, the Court dismissed Plaintiff's § 1983 claims with prejudice but dismissed Plaintiff's state law claims without prejudice. *Id*. at 12. In the same ruling, the Court denied Plaintiff's request for leave to amend his federal claims, finding that amendment would be futile. *Id*.

1

The Court then granted defendant, Dr. Stan Cowley's, motion to dismiss, dismissing Plaintiff's § 1983 claims with prejudice, but dismissing Plaintiff's state law claims without prejudice. (Rec. Doc. 37, at 7). In the same ruling, the Court again denied Plaintiff's request for leave to amend his federal claims, finding that amendment would be futile. *Id.*

As a result of the Court's rulings, the only remaining defendant is Sheriff Craig Webre.

Subsequently, Plaintiff moved for leave to amend his complaint, misrepresenting to the Court that there was no opposition. (Rec. Doc. 44). Consequently, the Court granted Plaintiff's motion, and his Amended Complaint was filed into the record. (Rec. Docs. 45, 46).

Now, in this instant motion, Defendants request dismissal of Plaintiff's claims set forth in the Amended Complaint for the same reasons set forth in their prior motions to dismiss (Rec. Docs. 19, 28); (Rec. Doc. 49, at 2). Alternatively, Defendants request the Court to vacate its prior order permitting leave to amend and to strike the Amended Complaint from the record. *Id.*

In response, Plaintiff concedes the amendment does not affect the Court's rulings, granting the Defendants' prior motions to dismiss. (Rec. Doc. 53, at 4) ("The amendment does not prejudice the dismissed parties, does not relitigate issues already ruled upon, and is necessary to preserve Plaintiff's appellate rights.").

Regarding the misrepresentation, Plaintiff's counsel states the CorrectHealth Defendants and Dr. Stan Cowley were not contacted as they were dismissed from the

litigation; and that only Sheriff Craig Webre was "included . . . regarding the amendment. . ." (Rec. Doc. 53, at 4). In reply, counsel for defendant, Sheriff Craig Webre, states that he did not provide consent to Plaintiff's filing of the amendment. (Rec. Docs. 54, 54-1).

The Court finds the instant motion should be denied in part and granted in part. The Court finds that the instant motion should be denied as moot, as to Defendants' request to dismiss the Amended Complaint for the same reasons set forth in their prior motions to dismiss because Plaintiff concedes the amendment does not affect the Court's prior rulings granting dismissal of the CorrectHealth Defendants and defendant Dr. Stan Cowley.

The instant motion should be granted in part with respect to Defendants' request to vacate the Court's prior order granting Plaintiff leave to file his amended complaint and striking the Amended Complaint. Plaintiff's counsel provides no explanation for filing the motion for leave to amend without first obtaining consent from defendant, Sheriff Craig Webre. Thus, in order to preserve the integrity of the proceeding, the Court's prior order granting the Plaintiff's motion for leave to file an Amended Complaint (Rec. Doc. 45) should be vacated and the Amended Complaint (Rec. Doc. 46) stricken. *See Doe v. Waller Indep. Sch. Dist.*, No. 23-738, 2024 WL 4729754, at *2–3 (S.D. Tex. Nov. 8, 2024) (striking amended complaint when plaintiff unintentionally misrepresented the nature of amendment and emphasizing the integrity of judicial proceedings must be preserved).

3

Additionally, having reviewed the Amended Complaint, the Court finds amendment of the federal claims are indeed futile. The Court adopts its previous findings as set forth in its Order & Reasons dated August 1, 2024 and August 9, 2024 (Rec. Docs. 36, 37) stating such.

Lastly, although Defendant, Sheriff Craig Webre, has not filed a motion to dismiss, the Court finds it appropriate to dismiss the claims against Sheriff Webre with prejudice at this juncture. The Court previously dismissed the claims against the CorrectHealth Defendants and Defendant, Dr. Stan Cowley, finding that Plaintiff failed to state a claim for deliberate indifference. (Rec. Docs. 36, 37). Because the claims against Sheriff Webre are based on the same alleged conduct [1] and because the Court has already found that the conduct of the other defendants did not rise to the level of deliberate indifference, Sheriff Webre likewise cannot be held liable for any alleged damages.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED IN PART** and **GRANTED IN PART**.

---

[1] The Amended Complaint (Rec. Doc. 46) and the Original State Court Petition (Rec. Doc. 1-1) allege that Defendant Sheriff Craig Webre "in his individual and official capacity and on any employee of suitable age and discernment in his official capacity at the same address is the employer of the jail employees and as such he is liable for any negligent acts committed by any employee who caused injury." (Rec. Doc. 46, at 2); (Rec. Doc. 1-1, at 1–2).

4

**IT IS FURTHER ORDERED** that the Court's prior order (Rec. Doc. 45) granting Plaintiff's motion for leave to file his amended complaint be and is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Amended Complaint (Rec. Doc. 46) be and is hereby **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims (if any) against Sheriff Craig Webre, both in individual and official capacity, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Sheriff Craig Webre are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that judgement will be issued in favor of the Defendants and against the Plaintiff in the above-captioned matter.

New Orleans, Louisiana, this 6th day of August, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE